UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DENNIS BOLTON,

        Plaintiff,                      CIVIL ACTION NO. 09-14694

    v.                                DISTRICT JUDGE JOHN CORBETT O'MEARA

CORRECTIONAL MEDICAL        MAGISTRATE JUDGE VIRGINIA M. MORGAN
SERVICES,

        Defendant.
_____/

## REPORT AND RECOMMENDATION
## TO DISMISS PLAINTIFF'S COMPLAINT *SUA SPONTE*
## FOR FAILURE TO PROSECUTE

       This is a *pro se* 42 U.S.C. § 1983 action in which the plaintiff, an inmate in the custody of the Michigan Department of Corrections (MDOC), alleges that defendant provided him with inadequate medical care (D/E #1). For the reasons dismissed below, this court recommends that plaintiff's complaint be dismissed *sua sponte* for failure to prosecute.

       Rule 41(b) of the Federal Rules of Civil Procedure gives a court the authority to dismiss a case for "failure of the plaintiff to prosecute or to comply with these rules or any order of the court ...." Fed. R. Civ. P. 41(b). "This measure is available to the district court as a tool to effect 'management of its docket and avoidance of unnecessary burdens on the tax-supported courts [and] opposing parties.'" Knoll v. American Telephone & Telegraph Co., 176 F.3d 359,

363 (6th Cir. 1999) (quoting Matter of Sanction of Baker, 744 F.2d 1438, 1441 (10th Cir. 1984)). Further, the United States Supreme Court has recognized that courts have an inherent power to manage their own affairs and may dismiss a case *sua sponte* for lack of prosecution. Link v. Wabash R.R. Co., 370 U.S. 626, 630-31, 82 S.Ct. 1386, 8 L.Ed.2d 734 (1962). A Rule 41(b) dismissal is an appropriate sanction for a *pro se* litigant's failure to provide the court with information regarding his current address. See, *e.g.*, Watsy v. Richards, 816 F.2d 683, 1987 WL 37151 (6th Cir. 1987) (table) (upholding the dismissal of an action where the record clearly disclosed that the plaintiff failed to provide the district court with information regarding his current address necessary to enable communication with him).

Here, plaintiff has failed to keep the court apprised of his address. In fact, the docket reveals that mail has twice been returned as undeliverable (D/E #8, #14). Moreover, while those returns both provide that plaintiff has been paroled, plaintiff never notified the court of his parole or filed a change an address. Accordingly, this court finds recommends that plaintiff's complaint be dismissed *sua sponte* for failure to prosecute.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to

this Report and Recommendation.  <u>Willis v. Secretary of HHS</u>, 931 F.2d 390, 401 (6th Cir. 1991); <u>Smith v. Detroit Fed'n of Teachers Local 231</u>, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court.  The response shall address each issue contained within the objections specifically and in the same order raised.

<u>S/Virginia M. Morgan</u>
Virginia M. Morgan
United States Magistrate Judge

Dated: July 26, 2010

---

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and plaintiff via the Court's ECF System and/or U. S. Mail on July 26, 2010.

s/J. Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan